# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0963

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Grant, YEROOMIAN,<br>Joseph, SHANOIAN,<br>Kamsar, GEVORGYAN,<br>Defendants | Mag. Case Number _____<br><br>**CRIMINAL COMPLAINT**<br>for violation of<br><br>Title 21, U.S.C., Sections 952 and 960 Importation of a Controlled Substance |

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief:

On or about 3/29/2008, within the Southern District of California, Grant YEROOMIAN, Joseph SHANOIAN, and Kamsar GEVORGYAN did knowingly and intentionally import approximately 8.95 kilograms (19.69 pounds) of opium, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SPECIAL AGENT
US Immigration and Customs Enforcement

Joshua Gallion
_____
Printed Name of Complaintant

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,

THIS 1ST DAY OF April, 2008.

_____
MAGISTRATE JUDGE



## STATEMENT OF FACTS

On March 29, 2008, at approximately 2130 hrs, Grant YEROOMIAN, Kamsar GERVORGYAN and Joseph SHANOIAN entered the United States from the Republic of Mexico at the San Ysidro Port of Entry, San Diego, California (CA). SHANOIAN was the driver of a gold 2000 Toyota Camry bearing California license number 4HZR498. Following a computer generated referral at the primary inspection point the vehicle was referred to the secondary inspection area. During a routine secondary inspection of the vehicle, CBPO DHILLON and SCBPO NICHOLSON found two suitcases in the trunk that were unusually heavy. After emptying the suitcases, SCBPO NICHOLSON tapped on the bottom of the suitcase and it tapped solid. SCBPO NICHOLSON also felt a space discrepancy and saw tool markings on the screws which indicated to him that they had been tampered with. SCBPO NICHOLSON took both suitcases to be X-rayed. The X-ray showed the presence of something in the lining of both suitcases. SCBPO NICHOLSON cut the lining of one of the suitcases with a knife and found a package wrapped in black vacuum seal bags. SCBPO NICHOLSON cut into the package and discovered a black tar-like substance. The second suitcase had the same results. Two packages were removed from the suitcases with a total approximate weight of 8.95 kilograms (19.69 pounds) including matter and packaging.

Post Miranda SHANOIAN stated that the three men left his home in Glendale, California at approximately 1130 hrs and proceeded to the airport in Tijuana. SHANOIAN stated that YEROOMIAN met with an Unknown Persian man wearing jeans and a jacket, approximately 5'10" and thin with black or brown hair. SHANOIAN witnessed YEROOMIAN take two black suitcases from the Unknown man and put them into the trunk of the vehicle. SHANOIAN stated that the Unknown man told YEROOMIAN to take the suitcases to California and give them back to him. SHANOIAN stated that after YEROOMIAN put the suitcases into the trunk of the vehicle he told SHANOIAN to drive. SHANOIAN drove to the San Ysidro port of entry. While waiting at the secondary checkpoint at the San Ysidro border crossing, YEROOMIAN overheard (CBP) officers talking and mentioned to SHANOIAN that he heard them talking about bringing a dog (narcotics detector dog). SHANOIAN stated



that YEROOMIAN then told him that the unknown man might have put drugs into the suitcases. SHANOIAN said that he did not know what was in the suitcases.

Post Miranda with the assistance of ICE interpreter Zivart Balikjian, GEVORGYAN stated that he left YEROOMIANS home at around 1100 hours with YEROOMIAN and SHANOIAN to go sightseeing in Tijuana. GEVORGYAN stated that they did not meet anyone in Mexico and that they stayed together. GEVORGYAN stated that they did not go to the airport in Tijuana MX. GEVORGYAN stated that the vehicle belongs to YEROOMIANS son. After further questioning GEVORGYAN stated that they did go to the airport in Tijuana MX and YEROOMIAN met with an unknown man speaking in Persian. GEVORGYAN stated that he did not hear the conversation between YEROOMIAN and the unknown man. The unknown man was approximately 40 years of age with light color hair. GEVORGYAN stated that he did not know what was in the suitcases.

Post Miranda with the assistance of ICE interpreter Zivart Balikijan, YEROOMIAN declined to make a statement. During administrative processing YEROOMIAN continued to make statements that he was a guest in the car and he did not drive. YEROOMIAN stated that unless anybody contradicts his story he does not want to talk. YEROOMIAN stated that they (GEVORGYAN and SHANOIAN) met a man he identified as Sean ASLANI in Mexico.

SHANOIAN, YEROOMIAN and GEVORGYAN were arrested and charged with violation of Title 21 USC 952, 960, Importation of a Controlled Substance, and were booked into the Metropolitan Correction Center, San Diego, CA. The vehicle and black tar-like substance were seized under seizure number.

L Joshua M Gallion
Special Agent
Immigration and Customs

## PROBABLE CAUSE STATEMENT

I, Special Agent L Joshua M Gallion, declare under penalty of perjury, the following is true and correct:

On March 29, 2008 at approximately 9:30 p.m., Grant YEROOMIAN, Kamsar GEVORGYAN, and Joseph SHANOIAN entered the United States from the Republic of Mexico at the San Ysidro Port of Entry, San Diego, California. SHENOIAN was the driver and YEROOMIAN and GEVORGYAN were the passengers of a gold 2000 Toyota Camry bearing California license 4HZR498. The vehicle was referred to the secondary inspection area where two (2) packages containing approximately 8.95 kilograms of a black tar-like substance were found concealed in shrink wrapped plastic bags inside non-factory compartments of two suitcases in the trunk of the vehicle.

YEROOMIAN, SHANOIAN, and GEVORGYAN were arrested and charged with violation of Title 21 USC 952, 960, Importation of a Controlled Substance, and were booked into the Metropolitan Correction Center, San Diego, California.

Executed on March 31 2008 at 1:30 p.m.

_____
Special Agent
U.S. Immigration and
Customs Enforcement

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find probable cause to believe that the defendants named in this probable cause statement committed the offense on March 29, 2008, in violation of Title 21, United States Code, Section(s) 952 & 960.

_____
United States Magistrate Judge

3/31/08  4pm
Date/Time